**In re M/V DG HARMONY.**

**Nos. 09–4552–cv, 09–4622–cv XAP.**

United States Court of Appeals,
Second Circuit.

Jan. 31, 2011.

Stanley McDermott III (Camilo Cardozo, on the brief), DLA Piper LLP, New York, NY, for Defendant–Appellant/Cross–Appellee.

Wayne D. Meehan (Gina M. Venezia, on the brief), Freehill Hogan & Mahar LLP, New York, NY, for Defendants–Cross–Claimants–Appellees.

Anthony J. Pruzinsky, Hill Rivkins & Hayden, New York, NY, for Plaintiffs–Appellees.

John P. Vayda (Shaun F. Carroll and Julia M. Moore, on the brief), Nourse & Bowles, LLP, New York, NY, for Appellee/Cross–Appellant.

Present: DENNIS JACOBS, Chief Judge, ROBERT A. KATZMANN, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant/Cross–Appellee PPG Industries, Inc. ("PPG") appeals from a judgment of the United States District Court for the Southern District of New York (Chin, J.), which, on remand from this Court, found that PPG's failure to give the carrier proper instructions concerning the stowage of PPG's cargo, calcium hypochlorite (hydrated) ("cal-hypo"), caused the explosion on the M/V DG Harmony ("Harmony"). Appellee/Cross–Appellant Cho Yang Shipping Co., Ltd. ("Cho Yang") appeals from the denial of its motion for summary judgment seeking indemnity from PPG. Many of the relevant facts are set forth in this Court's prior opinion, *In re M/V DG Harmony*, 533 F.3d 83 (2d Cir.2008) ("*Harmony V*"), as well as the six decisions issued by the district court: *In re M/V DG Harmony*, 394 F.Supp.2d 649 (S.D.N.Y.2005) ("*Harmony I*"); *In re M/V DG Harmony*, 436 F.Supp.2d 660 (S.D.N.Y.2006) ("*Harmony II*"); *In re M/V DG Harmony*, No. 98 Civ. 8394(DC), 2006 WL 3821851 (S.D.N.Y. Dec.29, 2006) ("*Harmony III*"); *In re M/V DG Harmony*, No. 98 Civ. 8394(DC), 2007 WL 895251 (S.D.N.Y. Mar.16, 2007) ("*Harmony IV*");

*In re M/V DG Harmony*, No. 98 Civ. 8394(DC), 2009 WL 3170301 (S.D.N.Y. Sept.30, 2009) ("*Harmony VI*"); and *In re M/V DG Harmony*, No. 98 Civ. 8394(DC), 2009 WL 3241238 (S.D.N.Y. Sept.30, 2009) ("*Harmony VII*"). We repeat the facts insofar as we think it necessary to set out our resolution of this appeal.

### A. PPG's Appeal: 09–4552–cv

We review a district court's factual findings for clear error. *See Harmony*, 533 F.3d at 95; *Ching Sheng Fishery Co., Ltd. v. United States*, 124 F.3d 152, 157–58 (2d Cir.1997) ("A district court's finding on issues of causation and on its allocation of fault among negligent parties continues to be subject only to clearly erroneous review, and so long as the district court's factual findings are supported by the record, we will not overturn them.") (internal citations omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." *Id.* at 574, 105 S.Ct. 1504.

Our prior opinion remanded to the district court to determine "whether a warning, if given, would have prevented [the explosion] by changing the carrier's stowage decision." *Harmony V*, 533 F.3d at 96. On remand, the parties "submitted additional papers and arguments." *Harmony VI*, 2009 WL 3170301, at *1. Relying on the testimony of those charged with booking PPG's shipment of cal-hypo and

the ship's personnel, the district court concluded that if PPG had given special instructions concerning the hazardous nature of the cal-hypo, "the carrier would have changed its stowage decision, and the explosion would have been averted." *Id.* at *6. PPG repeatedly cites testimony by Captain Michael Balitzki and Dimitri Afonin, the ship's stowage planner, who both testified that they relied on the International Maritime Dangerous Goods Code ("IMDG Code") in making stowage decisions, and that the IMDG Code did not prohibit the below-deck stowage of cal-hypo. This does not establish clear error, however, because the evidence also showed that PPG packaged the cal-hypo in such a way that caused a lower critical ambient temperature; a specific warning by PPG was therefore necessary to alert the shipper that standard IMDG protocols should not have been followed. In any event, we cannot overturn a district court's factual determination even if we would have weighed the evidence differently. *See Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163, 168 (2d Cir.2001). Here, the district court based its factual finding on evidence showing that had PPG given a proper warning that the cal-hypo should not have been stored below-deck, the shipper would have heeded that warning, and the explosion would have been avoided. We do not find the district court's factual determination to be clearly erroneous and thus affirm the judgment.

## B. Cho Yang's Appeal: 09–4622–cv

"We review *de novo* the grant or denial of summary judgment and view the evidence in the light most favorable to the non-moving party." *Tasini v. N.Y. Times Co., Inc.,* 206 F.3d 161, 165 (2d Cir.2000).

Prior to the bench trial which resulted in the district court's liability finding in *Harmony I,* Cho Yang settled all claims brought against it by various cargo interests. Following *Harmony I,* Cho Yang moved for summary judgment against PPG seeking indemnity for settlement sums, attorneys' fees and defense costs. In *Harmony II,* the district court denied Cho Yang's motion and held that the indemnity provisions in the bill of lading between PPG and Cho Yang did not "trump the rules set forth by the Supreme Court in [*McDermott, Inc. v. AmClyde,* 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994)]." 436 F.Supp.2d at 670. The district court found that the "bill of lading [between Cho Yang and PPG] mirrored the law, as interpreted by the Supreme Court in *AmClyde.*" *Id.* Cho Yang timely appealed, and this Court placed the appeal on suspense pending the resolution of PPG's appeal of *Harmony I.*

Subsequently, Cho Yang moved for clarification of the district court's decision in *Harmony II* (which found PPG 100% at fault) and sought an explicit finding that Cho Yang was 0% at fault for the explosion, which the district court MADE in *Harmony IV.* 2007 WL 895251, at *2. On February 22, 2009, the district court entered an order accepting remand of Cho Yang's appeal from *Harmony II* for reconsideration of all issues raised therein in light of the court's subsequent orders. Cho Yang resubmitted its summary judgment motion arguing that: (1) because the district court observed in *Harmony II* that Cho Yang would be entitled to indemnity for any amounts it paid above its liability or responsibility, and (2) because the district court found Cho Yang to be 0% at fault in *Harmony IV,* Cho Yang should be entitled to indemnity from PPG for the amounts paid in settlement. Nevertheless, in *Harmony VII,* the district court denied Cho Yang's summary judgment motion seeking indemnity, on the ground that by settling with plaintiffs and by not pursuing its indemnity claims at trial, Cho Yang

forfeited its indemnity claim. 2009 WL 3241238, at *4–*6. Cho Yang timely appealed.

We conclude that Cho Yang waived its indemnity claim by not participating in the trial. See *Broadway Delivery Corp. v. United Parcel Serv. of Am., Inc.*, 651 F.2d 122, 126 (2d Cir.1981) (finding antitrust claim to have been abandoned because plaintiffs "failed to pursue it at trial"); *Complaint of Berkley Curtis Bay Co.*, 557 F.Supp. 335, 337 (S.D.N.Y.1983) (finding that indemnity claim was not preserved below and therefore the waiver of the claim would not lead to a "miscarriage of justice").

■ Cho Yang did not pursue its indemnification claim at trial. As Cho Yang's counsel made clear at oral argument, Cho Yang withdrew from trial because it had settled its claims and "desperately wanted to cap its exposure, and more importantly, to cut off its attorneys' fees." As the district court observed, Cho Yang "made what … turned out to be an unwise settlement: they paid monies to settle claims that they were negligent, and now [that] they have been found not to have been negligent at all," they are looking for reimbursement. *Harmony VII*, 2009 WL 3241238, at *7. We agree. Accordingly, we affirm the district court's judgment denying Cho Yang's motion for summary judgment on the ground that Cho Yang waived its claim for indemnification by failing to pursue the claim at trial.

Finding no merit in PPG's or Cho Yang's remaining arguments, we hereby **AFFIRM** the district court's judgments.